FILED
2010 Oct-18  AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATINA B. HARRIS, EBONY J. MCKINNEY, KATRICE SMITH, and DEBORAH BOGLIN, on behalf of THEMSELVES and all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MYLIFE.COM, INC. | ) |
| Defendant | |

CIVIL ACTION NO.:
_____

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs Katina B. Harris, Ebony J. McKinney, Katrice Smith, and Deborah Boglin (hereinafter "plaintiffs") bring this nationwide class action, on behalf of themselves and all others similarly situated, against defendant MyLife.com, Inc. (hereinafter "MyLife" or "defendant").  Plaintiffs seek redress for violation of the Electronic Communications Privacy Act, invasion of privacy, and breach of contract.

## JURISDICTION AND VENUE

1.   Plaintiff Katina B. Harris is an adult resident citizen of Jefferson County, Alabama.

2. Plaintiff Ebony J. McKinney is an adult resident citizen of Jefferson County, Alabama.

3. Plaintiff Katrice Smith is an adult resident citizen of Jefferson County, Alabama.

4. Plaintiff Deborah Boglin is an adult resident citizen of Madison County, Alabama.

5. Defendant MyLife.com, Inc. is a corporation incorporated in Delaware with its principal place of business and headquarters located in California.  MyLife is a foreign corporation doing business in the state of Alabama and does business in this district and division.

6. This is a class action based on Federal Law under the Wiretap Act, 18 U.S.C. §§ 2510-2522 (2000) and the Stored Communications Act, 18 U.S.C. §§ 2701-2711 (2000) (hereinafter collectively referred to as "Electronic Communications Privacy Act" or "ECPA").  Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.  Supplemental jurisdiction of non-federal question claims also exists under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. §1391, since the events giving rise to some of the named plaintiffs' claims occurred within this judicial district and division and since defendants are subject to the personal jurisdiction of this Court.

## NATURE OF THE CASE

8.     This is a putative class action on behalf of Katina B. Harris, Ebony J. McKinney, Katrice Smith, and Deborah Boglin, and a class of all others similarly situated against MyLife.

9.     Defendant MyLife entices people to visit and register on its website with promises of finding out instantly for FREE who is searching for them.  This is accomplished through false and misleading advertisements.

10.    Defendant MyLife promotes and markets itself as helping people find people from anytime in their life, no matter where they are – all in one place. Their goal is to provide the most comprehensive people search service to help the individuals who register on their website easily find and stay connected with friends, family, loved ones, and colleagues.

11.    Defendant MyLife advertises and markets its website services as FREE, despite the fact that it requires a membership fee to actually use the website services and find out the results of who may be searching for that individual.

12.    Defendant MyLife collects, stores, and disseminates plaintiffs' and putative class members' private and confidential information to other individuals and entities without their knowledge or consent.

### FACTUAL ALLEGATIONS

13.    Defendant MyLife, at all times relevant hereto, was engaged in the business of operating, promoting, marketing, and selling its website services as

helping people find people from anytime in their life, no matter where they are – all in one place.

14. Defendant MyLife markets its website services as FREE for individuals who click on the link, provide information to MyLife, and find out who is searching for them. This could not be further from the truth. After clicking on the link that says: "find out instantly FREE," the webpage that plaintiffs and the members of the class are sent, to requires them to pay a fee in order to see who is searching for them on MyLife.com. (Website attached hereto as "Exhibit A")

15. Defendant MyLife continues to advertise and market its website services as free, despite requiring a membership fee in order to use the website's services, through television commercials and internet throughout the United States.

16. Plaintiff Katina Harris was lured to MyLife's website on March 24, 2009, under the belief that she could find individuals searching for her for free from MyLife.com. This occurred in Jefferson County, Alabama.

17. Plaintiff Ebony J. McKinney was lured to MyLife's website on numerous occasions, under the belief that she could find individuals searching for her for free from MyLife.com. This occurred in Jefferson County, Alabama.

18. Plaintiff Katrice Smith was lured to MyLife's website in October of 2010, under the belief that she could find individuals searching for her for free from MyLife.com. This occurred in Jefferson County, Alabama.

19. Plaintiff Deborah Boglin was lured to MyLife's website in 2009, under the belief that she could find individuals searching for her for free from MyLife.com. This occurred in Madison County, Alabama.

20. Plaintiffs and members of the class have suffered damages as a result of defendant's violation of the Electronic Communications Privacy Act, invasion of privacy, and breach of contract.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action on their own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which plaintiffs seek to represent is composed of and defined as: All persons who visited the defendant's website in response to their falsely advertised free search.

22. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(l)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

    a. The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(l).

    b. Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any

questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(a)(2). These common questions of law and fact include, without limitation:

    i. Whether defendant has engaged in a violation of law as alleged herein;

    ii. Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

    iii. Whether defendant had a policy and uniform practice with respect to falsely advertising FREE social networking services and to illegally collecting, storing, and disseminating private and confidential information.

    c.    Plaintiffs' claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The plaintiffs and all members of the class sustained damages arising out of defendant's common course of conduct in violation of law as complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

    d.    The individual and representative plaintiffs will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P.

23(a)(4). Plaintiffs have no interests which are adverse to the interests of the class members. Plaintiffs, like the other class members, registered with MyLife to use their website services to see who was looking for them. However, after preliminary registration, plaintiffs were asked to pay a membership fee in order to find out who was searching for them, despite being lured to the site under the pretense that it was free. Plaintiffs have retained counsel who have substantial experience and success in the prosecution of class action and consumer litigation.

     e.    The scheme affected all class members similarly. Plaintiffs and all members of the class were treated the same. As a result, the issues which affect the plaintiffs and the class members in common predominate over those which affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

     f.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to

redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

**FIRST CLAIM FOR RELIEF**

**ELECTRONIC COMMUNICATIONS PRIVACY ACT**

23.  Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

24.  Defendant MyLife offers to the public a free search to individuals so that they may see who has been searching for them.

25.  The defendant's website contains the heading, "Who's Searching for You™." The plaintiffs, by accepting the offer, are asked to provide certain private, identifying information including their name, age, and zip code, and to click the button that says, "Find Out Instantly FREE."

26.  After the plaintiffs have accepted the offer by electronically communicating their personal identifying information, they learn that the

defendant requires the plaintiffs to pay a fee or charge in order to get their search results.

27. The plaintiffs, after accepting the defendant's offer, are not provided the search results for free, in breach of the offer provided in their advertisements.

28. The plaintiffs are fraudulently induced to provide their personal identifying information on the false promise of receiving access to MyLife's website services.

29. The defendant stores the plaintiffs' information and uses it in their records providing it to the public without the users authorization.

30. The plaintiffs at no time authorized the defendant to access, use, or disseminate their information for any purpose.

31. By fraudulently inducing the plaintiffs' to electronically communicate their personal identifying information, MyLife is intercepting an electronic communication in violation of the Wiretap Act, 18 U.S.C. §§ 2510-2522 (2000). The Wiretap Act makes it an offense to "intentionally intercept[] … any wire, oral, or electronic communication."  18 U.S.C. § 2511(1)(a).

32. The Defendant's access, storage, and use of the user's personal identifying information in an unauthorized manner constitutes a violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2711 (2000), which makes it an offense to "intentionally access[] without authorization a facility through which an

electronic communication service is provided … and thereby obtain[] … access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(c)(2).

Wherefore, premises considered, plaintiffs and the class demand judgment against the defendant for compensatory and statutory damages, plus interest, attorney's fees, costs and such additional relief as the Court may deem appropriate or to which plaintiffs may be entitled.

## SECOND CLAIM FOR RELIEF

## INVASION OF PRIVACY – PUBLIC DISCLOSURE OF PRIVATE FACTS

33. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

34. MyLife obtained private information from each plaintiff and each class member under the pretense of providing them with a free search of MyLife's website.

35. Each plaintiff and each class member provided MyLife with private information, while under the impression that they would receive free access to MyLife's website.

36. Plaintiffs and the plaintiff class did not agree to any terms or conditions authorizing MyLife to keep or retain their private information.

37. Plaintiffs and the plaintiff class were not aware that MyLife was collecting their private information for widespread dissemination through their network and website.

38. Plaintiffs and the plaintiff class did not give MyLife permission to widely disseminate their private and confidential information.

39. Plaintiffs and the plaintiff class object to MyLife's widespread dissemination of their private and confidential information, and a reasonable person would object to MyLife's pattern and practice of collecting private and confidential information for widespread dissemination.

40. As a direct and proximate consequence of the above-mentioned violations, and by reasons thereof, plaintiffs and members of the class have suffered damages.

Wherefore, premises considered, plaintiffs and the class demand judgment against the defendants for compensatory and statutory damages, plus interest, attorney's fees, costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

41. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

42. MyLife had a contract with plaintiffs and each member of the plaintiff class to provide a free search of its website so that plaintiffs and each class member could find out who was searching for them on MyLife.com.

43. In consideration for its promise to provide a free search of its website, MyLife accepted personal information from each plaintiff and each member of the plaintiff class.

44. Plaintiffs and each class member fully performed her or his end of the contractual agreement.

45. MyLife breached its contractual obligations to plaintiffs and each class member by not providing this free search of its website – instead requiring plaintiffs and each class member to pay a membership fee before being allowed access to find out who was searching for them on MyLife.com.

46. As a consequence of MyLife's breach of contract, plaintiffs and the class members have suffered damages.

Wherefore, premises considered, plaintiffs and the class demand judgment against the defendant for compensatory and statutory damages, plus interest, attorney's fees, costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, the premises considered, plaintiff seeks the following relief:

(a) Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Fed. R. Civ. P. 23, with appropriate subclasses as the Court deems appropriate, and notice as applicable to the absent class members, and appointing D. Frank Davis and John E. Norris as class counsel;

(b) A declaration that MyLife's nationwide pattern and practice of conduct as alleged herein constitutes a breach of contract as described herein;

(c) Appropriate injunctive relief requiring the defendants to refrain from engaging in conduct in violation of the Electronic Communications Privacy Act;

(d) An award of compensatory damages to compensate plaintiffs and the class members;

(e) An award of statutory damages;

(f) Disgorgement of defendant's ill-gotten gains ;

(g) Restitution;

(h) Interest;

(i) Attorneys' fees and costs; and such further and different relief as the Court may deem appropriate.

**Plaintiffs demand trial by struck jury.**

_____
John E. Norris
One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Tyler C. Vail (VAI002)
Wesley W. Barnett (BAR141)
Courtney L. Peinhardt (PEI001)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
tvail@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com



**NOTICE TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

MyLife.com, Inc.
c/o Registered Agent
CSC – Lawyers Incorporating Service
2730 Gateway Oaks Dr Ste 100
Sacramento, California 95833

# Exhibit A